UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) |  |
|---|---|---|
|  | ) |  |
| v. | ) | Case No. 3:13-CR-091 JD |
|  | ) |  |
| ERIC GAINER | ) |  |

**OPINION AND ORDER**

Now before the Court is the Defendant's Motion to Strike and Motion in Limine. [DE 34]. The government has responded in opposition [DE 42], and this motion is now ripe. The Defendant's motion first requests that a portion of the Indictment be struck pursuant to Federal Rule of Criminal Procedure 7(d), under which a court "may strike surplusage from the indictment" upon a defendant's motion. Fed. R. Crim. P. 7(d). The Indictment charges the Defendant with knowingly making false statements in connection with the acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6). [DE 1]. The Indictment specifies two false statements[1] as a basis for this charge:

> [1] [The] defendant represented that he had not been convicted of a felony or any other crime for which the judge could have imprisoned him for more than one year when in fact he had been so convicted. [2] Further, the defendant falsely represented that he was not subject to a court order restraining him from harassing, stalking, or threatening an "intimate partner" (which includes a former spouse) when in fact he was subject to such an order.

[DE 1]. Defendant seeks to strike the second sentence based on his argument that he was not actually subject to a qualifying restraining order at the time of his allegedly false statement.

---

[1] Since this motion became ripe, the government filed a superseding Indictment that adds a third false statement as a basis for this count: that the Defendant "falsely represented that he had never been convicted in any court of a misdemeanor crime of domestic violence when in fact he had." [DE 48]. The aspects of the Indictment relevant to the present motion remained the same, however, so the Court will consider the motion as to the superseding Indictment. Further, though the Defendant initially stated that he intended to move to strike this added language, he did not do so within the timeframe set by the Court. [DE 50; DE 51 p. 5].

1

This is not an appropriate basis for a Rule 7(d) motion to strike. "Surplusage should not be stricken unless 'it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial.'" *United States v. Peters*, 435 F.3d 746, 753 (7th Cir. 2006) (quoting *United States v. Rezaq*, 134 F.3d 1121, 1134 (D.C. Cir. 1998)); *United States v. O'Connor*, 656 F.3d 630, 646 (7th Cir. 2011) (holding that allegations that actually formed charges against the defendant were not irrelevant and were not surplusage). Here, not only is the statement at issue relevant, it forms an independent basis for the charge: If the government can prove that the Defendant knowingly committed the act alleged in the supposed surplusage, then he will be guilty of the charged offense. In arguing that he was not subject to a qualifying restraining order, the Defendant is essentially attacking the sufficiency of the government's evidence as to this allegation, not the relevance of the allegation or the adequacy of the Indictment. This sort of objection is properly brought as a Rule 29 motion for judgment of acquittal, however, not a motion to strike surplusage, so Defendant's request is DENIED.

The Defendant has also requested that the Court exclude various restraining orders from evidence at trial. The Court construes the Defendant as contesting the relevance of this evidence under Rules 401 and 402 of the Federal Rules of Evidence, though neither party expressly addressed the grounds for the admissibility or exclusion of this evidence. Evidence is relevant if it has any tendency to make a material fact more or less probable than it would be without the evidence, and only relevant evidence is admissible. Fed. R. Evid. 401, 402. The restraining orders at issue here are presumably being offered to support the allegation that the Defendant's statement that he was not subject to a certain type of restraining order was false. Accordingly, it is necessary to look at the Defendant's specific statement and the details of the restraining orders at issue to determine if they have any tendency to make that allegation more or less probable.

In filling out an ATF Form 4473, Mr. Gainer answered "No" to question 11(h), which asks: "Are you subject to a court order restraining you from harassing, stalking, or threatening your child or an intimate partner or child of such partner?" Consistent with 18 U.S.C. § 922(g)(8), the instructions to that question define a restraining order as one that:

> (A) was issued after a hearing which the person received actual notice of and had an opportunity to participate in; (B) restrains such person from harassing, stalking, or threatening an intimate partner or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and (C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury.

[DE 34-1 p. 4]. The instructions further state that an "intimate partner" includes "the spouse or former spouse of the person." [*Id.*]; *see* 18 U.S.C. § 921(a)(32).

While the Defendant maintains that he was not subject to any restraining order meeting these criteria, the government contends that he was subject to two such orders. The first is a Protective Order that was related to Mr. Gainer's divorce proceeding. The second is a No Contact Order that was entered as a condition of Mr. Gainer's probation in a separate criminal action. Both orders prohibited Mr. Gainer from contacting Melissa Gainer, his former wife.

The Protective Order in question was issued as an *Ex Parte* Order for Protection on May 23, 2011 in Pulaski Circuit Court Case Number 66C01-1105-PO-00044 ("PO-44"), and it included an expiration date of May 23, 2013. [DE 42-1]. The order named Melissa Gainer as the petitioner/protected person and Eric Gainer as the respondent, and prohibited Mr. Gainer from making any contact with or committing any acts of abuse against Melissa Gainer. The order made a finding that Mr. Gainer "represents a credible threat to the safety of the Petitioner," Melissa Gainer, but also had a checkmark in a box indicating that it "does not protect an intimate partner or child." The cover sheet also indicated that Mr. Gainer was not "Brady disqualified."

The parties agree that this order was first issued *ex parte* on May 23, 2011, and that Mr. Gainer did not have knowledge of or the opportunity to participate in the hearing at that time. However, the case summary for this matter contains an entry dated June 6, 2011, stating that "this matter shall be reset [to] the previously scheduled hearing in the parties' companion divorce case . . . on June 16, 2011." [DE 42-1 p. 5]. The following entry, dated June 16, 2011, states: "The hearing held in the companion case . . . addressed the Protective Order in this case. Ex Parte Order remains in full force and effect." [*Id.*] The case summary in the divorce case, Pulaski Circuit Court Case Number 66C01-1008-DR-00043 ("DR-43"), also contains several entries referencing this Protective Order. Specifically, an entry dated June 16, 2011 notes that both parties appeared for the status hearing on that date. [DE 42-3 p. 7]. The following entry, which sets forth the order from the June 16, 2011 hearing, again notes that both parties were present at that hearing, and further states: "The Court now orders the following: . . . That the Protective Order, Cause #66C01-1105-PO-00044, as filed on June 6, 2011, by the Pet. [Melissa Gainer] against the Resp. [Mr. Gainer] shall remain in full force and effect." [*Id.* at 7–8].

The Defendant's first objection to this Protective Order serving as a basis for his alleged false statement is that it was initially issued *ex parte*, and thus did not meet the requirement in subpart (A) that it be issued "after a hearing which the person perceived actual notice of and had an opportunity to participate in." [DE 34-1 p. 4]; *see* 18 U.S.C. § 922(g)(8)(A). However, even if the Protective Order did not initially satisfy this criteria, it would meet this requirement, at least as defined under federal law, if the Defendant subsequently had actual notice of a hearing at which he would have the opportunity to participate relative to the Protective Order. *United States v. DuBose*, 598 F.3d 726, 728–30 (11th Cir. 2010) (holding that a protective order met this requirement even though it was initially issued *ex parte*, since the defendant later appeared at a

hearing where he had the opportunity to respond, and the court orally reaffirmed the *ex parte* order at that hearing). The government intends to show that the Defendant had actual notice of and actually appeared at several hearings at which he had an opportunity to respond to the Protective Order. Thus, where the Defendant's offense came well after he appeared at several such hearings, the fact that the Protective Order was initially filed *ex parte* does not mean that it cannot satisfy the elements on ATF Form 4473 and make the Defendant's statement false.

The Defendant second argues that this Protective Order does not meet the requirement in subpart (B) that it protect an "intimate partner," because of the box that is checked indicating that the order "does not protect an intimate partner or child." [DE 42-1 p. 2]. However, despite the order's statement to this effect, the order did protect an "intimate partner," at least as that term is defined under federal law, since it protected Melissa Gainer, the Defendant's former spouse. 18 U.S.C. § 921(a)(32) (defining "intimate partner" to include the "former spouse of the person"). Thus, despite the state court's error in this regard, this Protective Order could still make the Defendant a person prohibited from purchasing a firearm under federal law. 18 U.S.C. §§ 921(a)(32), 922(g)(8). In addition, ATF Form 4473, through which the Defendant made his alleged false statement, contains instructions that mirror the federal definition of "intimate partner" and the elements of a qualifying restraining order. Accordingly, the Protective Order is probative of whether the Defendant's statement on the Form 4473, which tracks the statutory language under which the Defendant could be considered subject to a restraining order, was false. The Defendant's motion in limine must therefore be DENIED as to this Protective Order.

The second restraining order at issue, a No Contact Order issued as a condition of the Defendant's probation in a separate matter, is problematic in a different respect. Specifically, though the Defendant does not contest that the No Contact Order would meet the elements of a

restraining order under Form 4473 or § 922(g)(8), he argues that it was not in effect at the time of his alleged false statement, and therefore cannot prove the falsity of that statement.[2] This No Contact Order arose out of the Defendant's conviction on one count of criminal trespassing, a Class A misdemeanor. According to the case summary in that matter, Pulaski Circuit Court Case No. 66C01-1010-FC-00006 ("FC-6"), Mr. Gainer entered a guilty plea to that charge on January 5, 2012, and was sentenced on that day to a suspended term of imprisonment, plus six months of probation. As a special term of his probation, Mr. Gainer was ordered not to have any contact with Melissa Gainer. The No Contact Order was accordingly filed on January 10, 2012. [DE 42-2 p. 1]. The order states that "[a]s a condition of the Defendant's probation," he is ordered to have no contact with Melissa Gainer. [*Id.* at 2]. It also states, "This order remains in effect during the Defendant's executed sentence and until probation has been terminated." [*Id.* at 3]. On the cover sheet of the order, however, a box is checked indicating that the order is effective until "further order of the court." [*Id.* at 1]. The case summary does not contain any further entries relative to the Protective Order, nor does it contain any express reference to the Defendant's service of his probation. [*Id.* at 16–17].

The Defendant argues that because he was sentenced to six months of probation in January 2012, the No Contact Order must not have been in effect at the time of his alleged false statement, which occurred in October 2012. However, there is no evidence in the record indicating precisely when the Defendant's probation commenced or, more importantly, when it was terminated. The government, for its part, does not acknowledge that the No Contact Order

---

[2] The Defendant was also subject to an initial No Contact Order in this matter as a condition of his bail. [DE 42-2 p. 5]. However, that order was lifted on a motion by the State of Indiana on January 24, 2011. [DE 42-2 p. 12]. The government does not argue that this No Contact Order was in effect at the time of the Defendant's alleged false statement, so it will not be admissible to prove the falsity of his statement. If the government wishes to offer this order into evidence for other purposes, the parties may raise any other grounds for admission or exclusion of this evidence in their pretrial filings. [*See* DE 35 pp. 6–7].

was entered as a condition of the Defendant's probation in that matter. Instead, it refers solely to the box on the cover sheet indicating that the order is effective until "further court order," and argues that it must still be effective because there has been no such further order.

Based on the record currently before it, the Court cannot determine that the No Contact Order was in effect at the time of the Defendant's alleged false statement. The Court therefore conditionally GRANTS Defendant's motion in limine with regard to the No Contact Order. The Court will reconsider this ruling if the government, as the proponent of the evidence, can show that the Defendant was still under probation at the time of his statement, can provide authority for its argument that the order remained in effect pending further court order despite having been made a condition of the Defendant's probation, or can offer an independent evidentiary basis for its admission.

In conclusion, Defendant's motion to strike and motion in limine [DE 34] is GRANTED in part and DENIED in part. The motion is DENIED as to its request to strike surplusage from the Indictment and as to its motion in limine relative to the Protective Order associated with Pulaski Circuit Court cases PO-44 and DR-43. The motion is GRANTED as to the No Contact Orders associated with Pulaski Circuit Court FC-6.

SO ORDERED.

ENTERED:  March 4, 2014

/s/ JON E. DEGUILIO
Judge
United States District Court